UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

M.D. and T.D., on behalf of C.D.,

                            Plaintiffs,

      -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION, Region 9 (District 2),

                            Defendant.

------------------------------------------------------------ x

**ANSWER**

07 Civ. 7967 (RMB)

       Defendant, the New York City Department of Education ("the Department"), by its attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for its Answer to the Complaint dated September 11, 2007, respectfully alleges as follows:

       1.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the Complaint, except admits that C.D. (the "Student") has been classified as having an autism spectrum disorder.

       2.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the Complaint, except admits that the Student, as a child with a disability, is entitled to a free appropriate public education ("FAPE") as set forth in the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1401(9). The Department respectfully refers the Court to the statutes and regulations cited in paragraph "2" for a complete and accurate statement of their provisions.

       3.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the Complaint, except admits that M.D. and T.D. are the parents of C.D.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Complaint, except admits that plaintiffs purport to proceed as stated therein, and respectfully refers the Court to the statutes and regulations cited therein for a complete and accurate statement of their provisions.

5. Admits the allegations set forth in paragraph "5" of the Complaint.

6. Denies the allegations set forth in paragraph "6" of the Complaint, except admits (a) that plaintiffs purport to proceed as stated therein, (b) that in a decision dated February 28, 2007, the independent hearing officer ("IHO") found that the Department provided the Student with a FAPE for the 2006-2007 school year, and (c) that in a decision dated June 14, 2007, the state review officer ("SRO") affirmed the decision of the IHO, and respectfully refers the Court to the decisions of the IHO and SRO for a complete and accurate statement of their contents.

7. Denies the allegations set forth in paragraph "7" of the Complaint, except admits that plaintiffs purport to proceed as stated therein.

8. Denies the allegations set forth in paragraph "8" of the Complaint, except admits that plaintiffs purport to proceed as stated therein, and respectfully refers the Court to the cases cited therein for a complete and accurate statement of their holdings.

9. Denies the allegations set forth in paragraph "9" of the Complaint, except admits that plaintiffs purport to invoke the Court's jurisdiction and to lay venue in this judicial district as stated therein.

10. Denies the allegations set forth in paragraph "10" of the Complaint, except admits that the Department is a local educational agency as defined by the IDEA, and

respectfully refers the Court to the IDEA and Article 89 of the New York Education Law regarding the duties of the Department.

11. Denies the allegations set forth in paragraph "11" of the Complaint, except affirmatively avers that an eligible child is entitled to receive services pursuant to an individualized education program under the IDEA and the New York Education Law, and respectfully refers the Court to those statutes for a complete and accurate statement of their provisions.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint, except admits that a meeting of the Department's Committee on Special Education ("CSE") was held on April 7, 2006, in order to prepare an Individualized Education Plan ("IEP") for the Student for a twelve-month period commencing September 5, 2006.

13. Denies the allegations set forth in paragraph "13" of the Complaint.

14. Denies the allegations set forth in paragraph "14" of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

16. Denies the allegations set forth in the first sentence of paragraph "16" of the Complaint, except admits that plaintiff M.D. indicated in an April 2006 letter to the CSE that she and plaintiff T.D. disagreed with the CSE's recommendation and intended to place the Student in the ELIJA School. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the remaining sentences of paragraph "16" of the Complaint.

17. Denies the allegations set forth in paragraph "17" of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint.

19. Denies the allegations set forth in the first sentence of paragraph "19" of the Complaint, except admits that the Department recommended that the Student attend Public School 75Q at Public School 239, located at 1715 Weirfield Street, Ridgewood, New York 11385, in a program with a 6:1:1 ratio.[1] Admits the allegations set forth in the second sentence of paragraph "19" of the Complaint. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the third sentence of paragraph "19" of the Complaint.

20. Denies the allegations set forth in paragraph "20" of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint, except admits that plaintiffs unilaterally placed the Student at the ELIJA School for the 2006-2007 school year and summer of 2007 and that, while attending the ELIJA School, the Student received additional services outside of school that the ELIJA School was not able to provide.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint, except admits that plaintiffs sought reimbursement and other relief through an impartial due process hearing and that plaintiffs requested such a hearing on or about September 8, 2006.

23. Denies the allegations set forth in paragraph "23" of the Complaint, except admits that the IHO determined that the Department had provided the Student with a FAPE and thus did not grant tuition reimbursement to plaintiffs, and respectfully refers the Court to the decision of the IHO for a complete and accurate statement of its contents.

---

[1] A 6:1:1 class consists of six students, one teacher, and one paraprofessional.

24. Denies the allegations set forth in the first[2] paragraph "24" of the Complaint.

25. Denies the allegations set forth in the second paragraph "24" of the Complaint, except admits that the SRO ordered reimbursement "for the cost of 12 hours per week of home-based ABA services for the [Student] during pendency upon [plaintiffs'] submission of proof of payment for such expenses, unless the parties agree otherwise" (Compl. Ex. B at 21), and respectfully refers the Court to the decision of the SRO for a complete and accurate statement of its contents.

26. Denies the allegations set forth in paragraph "25" of the Complaint, except admits that the SRO determined that the Department had provided the Student with a FAPE and thus did not grant tuition reimbursement to plaintiffs, and respectfully refers the Court to the decision of the SRO for a complete and accurate statement of its contents.

27. Denies the allegations set forth in paragraph "26" of the Complaint, and respectfully refers the Court to the decision of the SRO for a complete and accurate statement of its contents.

28. Denies the allegations set forth in paragraph "27" of the Complaint, and respectfully refers the Court to the decision of the SRO for a complete and accurate statement of its contents.

29. Denies the allegations set forth in paragraph "28" of the Complaint, and respectfully refers the Court to the article cited therein for a complete and accurate statement of its contents, except denies that such article is relevant to plaintiff's claims.

30. Denies the allegations set forth in paragraph "29" of the Complaint.

---

[2] The Complaint contains two paragraphs numbered "24."

31. Admits the allegations set forth in paragraph "30" of the Complaint, except denies that the findings of the IHO or SRO were improper.

32. Denies the allegations set forth in paragraph "31" of the Complaint, except admits that plaintiffs purport to proceed as stated therein.

33. Denies the allegations set forth in paragraph "32" of the Complaint.

34. Denies the allegations set forth in paragraph "33" of the Complaint, and respectfully refers the Court to the case cited therein for a complete and accurate statement of its holding.

35. Denies the allegations set forth in paragraph "34" of the Complaint, and respectfully refers the Court to the case cited therein for a complete and accurate statement of its holding.

36. Denies the allegations set forth in paragraph "35" of the Complaint, and respectfully refers the Court to the case cited therein for a complete and accurate statement of its holding.

37. Denies the allegations set forth in paragraph "36" of the Complaint.

### AS AND FOR A FIRST DEFENSE:

38. Plaintiffs have failed to meet their burden under applicable law to demonstrate that the Department did not provide, or would not have provided, a free appropriate public education to the Student.

### AS AND FOR A SECOND DEFENSE:

39. Plaintiffs have failed to meet their burden under the applicable law to demonstrate that the unilateral placement selected by plaintiffs was appropriate.

### AS AND FOR A THIRD DEFENSE:

40. The equities do not favor plaintiffs in this matter.

**AS AND FOR A FOURTH DEFENSE:**

41. Plaintiffs fail to state a claim upon which relief can be granted.

**AS AND FOR A FIFTH DEFENSE:**

42. At all times relevant to the acts alleged in the complaint, defendant acted reasonably, properly, lawfully and in good faith.

**AS AND FOR A SIXTH DEFENSE:**

43. Defendant did not violate any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**AS AND FOR A SEVENTH DEFENSE:**

44. Plaintiffs' request that the Court order reimbursement for the cost of home-based ABA services during the pendency of proceedings is moot, as such relief has been ordered by the SRO and plaintiffs have not alleged that defendant is in violation of such order.

**AS AND FOR AN EIGHTH DEFENSE:**

45. Plaintiffs are not entitled to a new evidentiary hearing, or to present additional evidence.

**AS AND FOR A NINTH DEFENSE:**

46. Region 9, District 2 is not a suable entity.


**WHEREFORE**, defendant requests judgment dismissing the Complaint and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        November 2, 2007

                                Michael A. Cardozo
                                Corporation Counsel of the
                                 City of New York
                                Attorney for Defendant
                                100 Church Street, Room 2-301
                                New York, New York 10007
                                212-788-0908

                              By:       s/
                                  Toni Gantz (TG1198)
                                  Assistant Corporation Counsel


To:  Gary S. Mayerson, Esq.
     Mayerson & Associates
     330 West 38th Street, Suite 600
     New York, New York  10018
     (via ECF)