UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

M.D. and T.D., on behalf of C.D.,

                Plaintiffs-Appellants

-against-

New York City Department of Education,
Region 9 (District 2)

                Defendant-Respondent.

07 Civ. 7967 (RMB)

**AFFIRMATION OF GARY S. MAYERSON IN SUPPORT OF**
**PLAINTIFFS-APPELLANTS' MOTION FOR MODIFIED *DE NOVO* REVIEW**

      GARY S. MAYERSON, an attorney licensed to practice law in the Courts of the State of New York and duly admitted to practice law in this Court, hereby affirms the following:

      1.     I am the Principal of Mayerson & Associates, a law firm that concentrates almost exclusively in the representation of children and adolescents with autism spectrum disorders and related developmental disabilities.

      2.     My office has represented plaintiffs-appellants during all stages of this case, including at the administrative due process hearing and during an appeal to the State Review Officer. I am fully familiar with this matter, both from the material contained in our office's files and through conversations with our clients.

      3.     C.D. is a young boy diagnosed with a serious autism spectrum disorder, who, during the 2006-2007 school year and the Summer of 2007, attended the ELIJA School supplemented by home- and community-based Applied Behavior Analysis ("ABA") therapy services. Plaintiffs-appellants M.D. and T.D. are C.D.'s parents.

4.     I submit this Affirmation and the accompanying Memorandum of Law in support of plaintiffs-appellants' motion for a modified *de novo* review of the administrative record in this matter, and their appeal from the February 28, 2007 Findings of Fact and Decision of Impartial Hearing Officer ("IHO") Veronica C. Odom, Esq., Case No. 106508 (Exhibit A annexed to Complaint) and the June 14, 2007 Decision of the State Review Officer ("SRO"), Application of a Child with a Disability, Appeal No. 07-030 (except insofar as that Decision correctly recognized and ordered enforcement of C.D.'s pendency entitlements) (Exhibit B annexed to Complaint).

5.     This Affirmation and the accompanying Memorandum of Law also are submitted in support of plaintiffs-appellants' request for declaratory and reimbursement relief. Specifically, plaintiffs-appellants seek the following relief from this Court:

(a)     a declaration that for purposes of the 2006-2007 school year and the Summer of 2007, defendant-respondent New York City Department of Education ("NYCDOE") failed to offer C.D. the free and appropriate public education ("FAPE") to which he is entitled statutorily;

(b)     a declaration that C.D.'s unilateral program and placement for the same time frame were appropriate and reimbursable, and that the equities favor reimbursement;

(c)     an order that defendant-respondent reimburse plaintiffs-appellants for the entire costs and expenses of C.D.'s unilateral program and placement (including tuition at the ELIJA School; 12 hours per week of home- and community-based ABA services on a 52 week basis [to the extent, if any, that defendant-respondent has not already issued any reimbursement as part of C.D.'s pendency]; and transportation between the ELIJA School and C.D.'s home;

(d) a declaration that plaintiffs-appellants are the "prevailing party", for purposes of the IDEIA's fee-shifting provision;

(e) granting leave to plaintiffs-appellants' counsel to submit a fee application for purposes of collecting statutory attorneys' fees and other recoverable costs, both at the administrative level and for this action; and

(f) granting such other, further and different relief as may be just and appropriate under the circumstances.

6. By way of history, plaintiffs-appellants M.D. and C.D. attended an IEP meeting for C.D. on April 7, 2006, ostensibly to prepare for C.D.'s educational program and services for the 2006-2007 school year and the Summer of 2007. The IEP that resulted from that meeting was procedurally and substantively defective, and deprived C.D. of his right to receive a FAPE. Moreover, during the IEP development process and the placement selection process, the NYCDOE violated the rights of C.D.'s parents and engaged in impermissible *predetermination* of C.D.'s program. See Winkelman v. Parma City School Dist., 127 S.Ct. 1994, 2003 (2007); Deal v. Hamilton County Bd. of Educ., 392 F.3d 840 (6th Cir. 2004), reh'g and reh'g *en banc* denied (2005), cert denied, Hamilton County Dept. of Educ. v. Deal, 546 U.S. 936 (2005); T.P. v. Mamaroneck Union Free Sch. Dist., 2007 U.S. Dist. LEXIS 35288, 06 Civ. 0509 (CLB) (S.D.N.Y. May 11, 2007); see also Frank G. v. Board of Educ. of Hyde Park, 459 F.3d 356, 363 (2d Cir. 2006), cert denied, Board of Educ. of Hyde Park Cent. School Dist. v. Frank G., 2007 WL 2982269 (Oct. 15, 2007).

7. M.D. and T.D. instituted due process claims on behalf of C.D. relative to the 2006-2007 school year and the Summer of 2007, with an impartial hearing request

dated September 8, 2006. Specifically, plaintiffs-appellants sought declaratory, reimbursement and related relief for C.D.'s unilateral program and placement consisting of tuition at the ELIJA School, supplemental home- and community-based ABA therapy services, and transportation, pursuant to the seminal cases of <u>Burlington School Comm. v. Department of Educ.</u>, 471 U.S. 359 (1985) and <u>Florence County School Dist. 4 v. Carter</u>, 510 U.S. 7 (1993). Plaintiffs also sought recognition and enforcement of C.D.'s pendency entitlements. See, e.g., <u>Honig v. Doe</u>, 484 U.S. 305 (1988).

8. An administrative hearing ensued. By Findings of Fact and Decision dated February 28, 2007, the IHO found that defendant-respondent had offered C.D. a FAPE and thus denied all of C.D.'s claims. (Exhibit A annexed to Complaint).

9. The IHO never ruled on the issues of the appropriateness of C.D.'s unilateral program and placement, or whether the equities favored C.D. and his parents. (Exhibit A annexed to Complaint).

10. By Decision dated June 14, 2007, the SRO echoed the IHO's determination that defendant-respondent had offered C.D. a FAPE. The SRO's Decision, however, pointed to some serious deficits in the NYCDOE's recommended program and placement for C.D., including:

(a) an "agree[ment] with petitioners [here, plaintiffs-appellants] that parent counseling and training should have been identified on the child's IEP" per 8 N.Y.C.R.R. § 200.13(d);

(b) "…the annual goals were vague and not measurable…" and "…in some instances the child's short-term objectives should have been more objectively measurable…."; and

(c)     "The [New York City Department of Education's] special education teacher testified that the child's [Behavior Intervention Plan ("BIP")] was not clear regarding how to differentially reinforce alternate and incompatible behaviors...." And "...I agree with the special education teacher's testimony that aspects of the BIP were vague with regard to implementation...."
(Exhibit B annexed to Complaint).

11.    Like the IHO, the SRO also declined to issue a determination concerning either the appropriateness of C.D.'s unilateral program and placement, or whether the equities favored C.D.'s family.  (Exhibit B annexed to Complaint).

12.    C.D.'s case reflects an unfortunate trend in the SRO's recent decision-making.  Upon information and belief, compounding the SRO's erroneous analysis of C.D.'s case was an apparent bias and certainly the appearance of impropriety.  Serious allegations going to the integrity and impartiality the SRO were leveled in a recent front-page *Wall Street Journal* article (Exhibit C annexed to Complaint), and present:

(a)     evidence that the SRO now is deciding approximately 86% of appeals partially or fully in favor of the local educational agencies in 2006 and 2007, even though parents apparently won approximately 54% of impartial hearings in 2005-2006;

(b)     statements by former SRO agency staff members claiming that the SRO frequently overruled them when they prepared decisions in favor of parents; and

(c)     evidence that the SRO's already compromised independence and required impartiality have been compromised further by an ongoing cohabitation with an Assistant Counsel and senior attorney for the New York State Education Department, and this fact is significant because, in creating the Office of State Review, the Legislature sought to

eliminate any conflict of interest in having the State Education Department deciding appeals from Impartial Hearing Officers.

13. The allegations reported in the *Wall Street Journal* are serious and erode public confidence in the integrity of the administrative system for determining tuition reimbursement cases for students like C.D. who have a disability. It is respectfully submitted that such allegations should be considered as part of any duty that this Court might otherwise have to give "due deference" to the underlying administrative fact-finding. Plaintiffs-appellants had no knowledge of the SRO's apparent bias and other related problems until *after* the SRO had determined C.D.'s case. The SRO certainly never disclosed any of the reported facts to plaintiffs-appellants.

14. Plaintiffs-appellants have exhausted their administrative remedies. It is respectfully submitted that the IHO and the SRO both applied an erroneous standard of review in determining C.D.'s case, and ignored compelling evidence that defendant-respondent stripped C.D. of his right to receive a FAPE.

15. In addition to the *Wall Street Journal* article that plaintiffs-appellants are asking this Court to accept and consider as "additional evidence", plaintiffs-appellants also ask this Court to accept and consider (a) a program description from the New York Center for Autism's charter school, a 1:1 ABA educational placement available to only a few select New York City children with autism who literally must "win the lottery" to be offered one of that chool's few spots, and (b) the Findings of Fact and Decision from another child's due process hearing that brings to light some important and previously undisclosed information concerning one of the NYCDOE's key witnesses in C.D.'s

hearing, Dr. Dewey Aleem. These documents are annexed hereto as Exhibits A and B. respectively.

WHEREFORE, it is respectfully submitted that this Court should reverse the findings of the IHO and the SRO (except insofar as the SRO correctly recognized and ordered enforcement of C.D.'s pendency entitlements), and order declaratory and reimbursement relief, and all other appropriate relief, to C.D. and his parents.

Dated: New York, New York
       December 21, 2007

_____
GARY S. MAYERSON (GSM 8413)
Mayerson & Associates
Attorneys for Plaintiffs-Appellants
330 W. 38th Street, Suite 600
New York, New York 10018
(212) 265-7200
(212) 265-1735 (fax)
gsmayerson@aol.com